IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAMAR G. CHUOL, | ) | 8:15CV111 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on initial review of Petitioner Gamar Chuol's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Filing No. 1). Chuol set forth in his petition that he was convicted of first degree assault and use of a weapon to commit a felony in the District Court of Douglas County, Nebraska. He was sentenced on July 20, 2012. Chuol is currently incarcerated at the Nebraska State Penitentiary.

    Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of circuit courts have held that Section 2254 and its provisions take precedence over Section 2241 because it is the more specific statute. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3rd Cir. 2001).

Here, it is apparent that Chuol is challenging his state-court conviction. The appropriate vehicle for doing so is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This order serves as notice to Chuol that the court intends to construe his petition for writ of habeas corpus as one brought pursuant to 28 U.S.C. § 2254. In the alternative, Chuol may move to voluntarily withdraw his habeas corpus petition within 30 days. *See* Castro v. United States, 540 U.S. 375, 382-83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also* Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Chuol decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise all of his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

IT IS THEREFORE ORDERED that:

1.   Chuol must voluntarily withdraw his habeas corpus petition within 30 days if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254. If Chuol fails to respond to this order, the court will construe Chuol's petition as one filed pursuant to 28 U.S.C. § 2254.

2.   To the extent Chuol would like to raise any additional claims in this action, he must do so by filing an amended petition for writ of habeas corpus. Chuol must set forth all of his claims in an amended petition for writ of habeas corpus, even those identified in his original petition. To this end, the clerk of the court is directed to send to Chuol the AO 241 (Petition for Relief From a Conviction or Sentence By

a Person in State Custody). Any amended petition must be filed by Chuol within 30 days.

3. To avoid confusion, any document Chuol sends to the clerk of the court for filing in this case must clearly display the case number.

4. The clerk of the court is directed to set the following pro se case management deadline: August 21, 2015: check for request to withdraw; otherwise, direct clerk to update records to reflect this is a 2254 action.

DATED this 20th day of July, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.