IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAMAR G. CHUOL, | ) | 8:15CV111 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on preliminary review of Petitioner Gamar Chuol's ("Chuol" or "Petitioner") Amended Petition for Writ of Habeas Corpus (Filing No. 6-1). Also pending in this case are Chuol's Motions to Stay (Filing No. 7) and to Amend (Filing No. 8). For the reasons that follow, the court will find Chuol's claims are potentially cognizable in federal court. In addition, the court will find Chuol is not entitled to a stay and abeyance of this case at this time.

## I. PRELIMINARY REVIEW

The purpose of this review is to determine whether Chuol's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Chuol's claims are:

Claim One: The trial judge failed to properly advise Chuol of his right against compelled self-incrimination.

Claim Two: Chuol received the ineffective assistance of counsel because his lawyer failed to object when the trial judge did not properly advise him of his right against compelled self-incrimination.

Claim Three: Chuol received the ineffective assistance of counsel because his appeal lawyer "[f]ailed to bring up the issues that stop[ped] the defendant from going to trial and only brought up excessive sentence as a[n] issue on direct appeal."

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Chuol that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent him from obtaining the relief sought.

## II.  MOTION TO STAY

Chuol filed a motion seeking to stay this case so that he may return to state court in order to exhaust his claims. Chuol set forth in his motion that he did not petition the Nebraska Supreme Court for further review of his post-conviction claims because he was unaware of the habeas exhaustion requirements. (Filing No. 7 at CM/ECF p. 1.)

A stay and abeyance of a federal habeas corpus petition is only appropriate in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may order a stay and abeyance only when there is good cause for the petitioner's failure to exhaust his claims in state court, the claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-278.

Here, Chuol argues there are claims he failed to present in a petition for further review to the Nebraska Supreme Court following his post-conviction action. However, under Nebraska law, Chuol may not now return to state court in order to present these claims. See *State v. Ortiz*, 670 N.W.2d 788, 792 (2003) ("An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively

shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. Additionally, the Nebraska Postconviction Act states in part: "The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner.") (internal citations omitted). Therefore, his claims are likely procedurally defaulted, not merely unexhausted.

In any event, Petitioner did not specify which claims are "unexhausted." The court will not grant a stay of this matter based solely on Chuol's statement that he hopes to file a subsequent postconviction action in order to exhaust unidentified claims, particularly where it appears from his allegations that a return to state court would be futile. Therefore, Chuol's motion for a stay will be denied without prejudice to reassertion. Likewise, his motion to amend his petition after he returns from state court will be denied.

IT IS THEREFORE ORDERED that:

1. Chuol's Motions to Stay (Filing No. 7) and to Amend (Filing No. 8) are denied without prejudice to reassertion.

2. Upon initial review of the amended habeas corpus petition (Filing No. 6-1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

3. The clerk of the court is directed to mail copies of this Memorandum and Order and the amended habeas corpus petition to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By **December 22, 2015**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 22, 2015**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.  If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

6.  If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

   A.  By **December 22, 2015,** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.  No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing

a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

      F.      The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **January 20, 2016**: check for Respondent's answer and separate brief.

7.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 9th day of November, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

    \*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.