IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| GAMAR G. CHUOL, | ) | 8:15CV111 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment (Filing No. 16). Respondent argues all of Petitioner's habeas corpus claims are procedurally defaulted. The court agrees.

## I. BACKGROUND

On April 2, 2012, Petitioner pled guilty to First Degree Assault and Use of a Deadly Weapon to Commit a Felony. (Filing No. 17-1 at CM/ECF pp. 1-2.) On July 20, 2012, Petitioner was sentenced by the state court to 30 to 40 years imprisonment for the assault charge, and 25 to 30 years imprisonment for the weapons charge. (Filing No. 17-3 at CM/ECF p. 7.)

Petitioner filed an appeal with the Nebraska Court of Appeals on August 1, 2012, arguing that his sentences were excessive. (Filing No. 17-4 at CM/ECF p. 6; Filing No. 17-1 at CM/ECF p. 7.) The Nebraska Court of Appeals summarily affirmed the judgment on January 9, 2013. (Filing No. 17-2 at CM/ECF p. 2.) Petitioner filed a petition for further review on February 4, 2013. (Filing No. 17-2 at CM/ECF p. 2.) The Nebraska Supreme Court denied the petition and the mandate issued on March 26, 2013. (*Id*.)

On January 28, 2014, Petitioner filed a motion for post-conviction relief in the state district court. (Filing No. 17-6 at CM/ECF pp. 1-7.) On March 10, 2014, the

state court denied Petitioner's motion without an evidentiary hearing. (Filing No. 17-6 at CM/ECF pp. 8-13.) On April 7, 2014, Petitioner appealed to the Nebraska Court of Appeals. (Filing No. 17-1 at CM/ECF p. 5.) The Court of Appeals affirmed the judgment in a memorandum and opinion on December 30, 2014. (Filing No. 17-5 at CM/ECF p. 2.) Petitioner did not file a petition for further review and the mandate issued on February 10, 2015. (*Id.*)

Petitioner filed a Petition for Writ of Habeas Corpus in this court on April 8, 2015. (Filing No. 1.) An Amended Petition was filed on August 20, 2015. (Filing No. 6.)

## II.  STANDARD OF REVIEW

As set forth in 28 U.S.C. § 2254:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>     (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)  (i)  there is an absence of available State corrective process; or
>
>         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

When "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to Nebraska's appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

### III. DISCUSSION

Liberally construed, Petitioner asserts three grounds for habeas relief. First, Petitioner argues that the state trial judge failed to properly advise him of his right against self-incrimination ("Claim One"). Second, Petitioner maintains that he received ineffective assistance of counsel because his lawyer failed to object when the

trial judge did not properly advise him of his right against self-incrimination ("Claim Two"). Third, Petitioner asserts that he received the ineffective assistance of counsel because his lawyer on appeal "[f]ailed to bring up the issues that stop[ped] the defendant from going to trial and only brought up excessive sentence as a[n] issue on direct appeal" ("Claim Three"). (Filing No. 6 at CM/ECF p 8.) For the reasons explained below, all three of Petitioner's claims are procedurally defaulted.

Regarding Claim One, Petitioner's first opportunity to present this claim was on direct appeal. However, Petitioner did not do so. Petitioner did not fairly present Claim One to the state courts and he can no longer do so because "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). Therefore, Claim One is procedurally defaulted.

Claims Two and Three have a similar fate. Petitioner's first opportunity to raise those claims was in his motion for post-conviction relief. Petitioner did include these Claims in his post-conviction motion. (Filing No. 17-6 at CM/ECF pp. 4-6.) However, on appeal from the denial of his post-conviction motion, Petitioner seemingly only argued that the lower court erred regarding its disposition of Claim Two. (Filing No. 17-7.) In any event, after the Court of Appeals affirmed the lower court's judgment, Petitioner did not file a petition for further review. (Filing No. 17-5 at CM/ECF p. 2.) Therefore, Petitioner did not present his claims in "one complete round" in Nebraska's state courts as required by 28 U.S.C. § 2254(b)(1). The time for filing a petition for further review has passed and Petitioner cannot present these claims in a second post-conviction motion. *See State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003) (stating that under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion"). As a result, Claims Two and Three are procedurally barred.

4

A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In other words, Petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution. He must, instead, offer some new evidence that affirmatively demonstrates that he must truly be innocent of the crime for which he was convicted.

Here, Petitioner has not demonstrated cause and prejudice to excuse the default. With respect to Claims One and Two, as was found by the state district court during the post-conviction proceedings, the record shows that the trial judge advised Petitioner of his right against self-incrimination. (Filing No. 17-6 at p. 11; Filing No. 25-1 at CM/ECF p. 22.) Thus, any argument to the contrary, including any argument that his lawyer was ineffective by failing to object when the trial judge did not properly advise him of his right against self-incrimination, lacks merit. Also, as to Claim Three, Petitioner has not shown cause and prejudice. Petitioner's conclusory assertion that he was prejudiced because his lawyer on direct appeal only argued that his sentence was excessive is insufficient for relief. Petitioner has not shown how his counsel's failure to argue other grounds for reversal prejudiced him, nor has he directly identified those additional grounds for appellate review. To the extent Petitioner is asserting that counsel should have made an argument relating to alleged violations of his right against self-incrimination, this argument was considered and rejected by the state district court.

Petitioner also argues that the court's failure to consider his claims will result

in a fundamental miscarriage of justice. To qualify for the actual innocence exception, Petitioner would have to present some compelling new evidence that would show that the original verdict simply could not be correct. Petitioner has offered no new evidence to demonstrate that he did not commit the crimes for which he was convicted. Therefore, Petitioner's procedurally defaulted claims cannot be entertained under the actual innocence exception.

### IV. MOTION FOR ADDITIONAL DOCUMENTS

On March 7, 2016, nearly a month before he responded to Respondent's summary judgment motion, Petitioner filed a motion requesting additional documents. (Filing No. 24.) In particular, Petitioner seeks: (1) copies of the plea hearing transcript; (2) copies of "transcribed phone calls, and name of interpreter;" (3) copies of "DNA results of rag found at scene;" (4) a copy of the arrest warrant of "Chuol Pan;" and (5) copies of statements made by "Ashaley Haynes." (Filing No. 24 at CM/ECF p. 1.)

In response, Respondent filed a supplemental designation of state court records which contains the bill of exceptions as presented to the state appellate courts. (Filing No. 25.) Respondent also stated that copies of transcribed phone calls, DNA results, the arrest warrant, and statements of Ashaley Haynes did not appear in the record, although those items were referenced in an exhibit received at a motion to transfer hearing. (Filing No. 26.)

The court finds that Petitioner is not entitled to the documents requested. These items were not cited or referenced in Respondent's summary judgment motion. Petitioner's conclusory allegations regarding his purported need for the documents to show his "actual innocence" are insufficient. (Filing No. 24 at CM/ECF p. 1.) Essentially, Petitioner is requesting "to embark on a fishing expedition masked as discovery and the discovery sought by [Petitioner] would not entitle [him] to habeas relief." *Burns v. Lafler*, 328 F. Supp.2d 711, 718-19 (E.D. Mich. 2004) (internal

quotation omitted). Therefore, Petitioner's request for additional documents will be denied.

## V. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

3. Petitioner's Motion for Additional Documents (Filing No. 24) is denied.

DATED this 3rd day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge